■ YORK SPECIALTIES COMPANY, INC., Respondent, v. BANK OF BUFFALO, Appellant, et al., Defendant.— Order insofar as appealed from unanimously affirmed, without costs. Memorandum: This is an appeal by defendant Bank of Buffalo from an order which denied defendant Bank of Buffalo's motion for partial summary judgment. Defendant's motion sought partial summary judgment based upon section 326 of the Negotiable Instruments Law, which provides: " No bank shall be liable to a depositor for the payment by it of a forged or raised check, unless within one year after the return to the depositor of the

voucher of such payment, such depositor shall notify the bank that the check so paid was forged or raised." This appeal is concerned with the application of the section to 142 checks alleged to have been forged by Miss Ida Hulbert between February 1, 1962 and October 30, 1964, upon which the plaintiff seeks to recover. The narrow issue is whether plaintiff's cancelled checks and bank statements, returned by defendant to Miss Hulbert pursuant to an allegedly forged authorization of plaintiff's president, were returned "to the depositor" within the meaning of section 326. If it is found that they were so returned then the Bank of Buffalo is entitled to summary judgment with respect to those checks sued upon and for which no notice was given by plaintiff to the defendant within one year from such return. In order for the return of the cancelled checks and bank statement to trigger the duty of the depositor to give notice to the bank of any forged vouchers the statements, where being returned to a company or corporation or other entity, must go to a person authorized by the corporation to receive such statements. Where it appears that a corporation has a checking account and the bank returns the cancelled checks and bank statement to someone in the corporation who has neither a real or apparent authority to receive such vouchers and statement the conditions of section 326 have not been met. (See *Maryland Cas. Co.* v. *Central Trust Co.*, 297 N. Y. 294.) On the record before us York Specialties, Inc., did not hold out Miss Hulbert as having authority to receive such statements. The bank had never heard of Miss Hulbert until receipt of the alleged forged letter from the president. Miss Hulbert through her own forgery held herself out as having such authority. The depositor did not in any manner clothe her with any such authority as respects its representations to defendant Bank of Buffalo. While on the trial it may be developed from the evidence that Miss Hulbert did have authority to receive cancelled vouchers, thus giving effect to the provisions of section 326 of the Negotiable Instruments Law on the record before us no showing is made which warrants relief by way of partial summary judgment. The order should be affirmed. (Appeal from certain parts of order of Erie Special Term, denying motion for partial summary judgment.) Present — Bastow, P. J., Williams, Goldman, Del Vecchio and Marsh, JJ.